IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| Colette Wait, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ServPlus LLC, a domestic limited liability company,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. Retaliation<br>2. Hostile Work Environment<br>3. Intentional Infliction of Emotional Distress<br><br>**CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL DEMANDED**<br><br>CLAIM FOR $326,800.00 (ORS 21.160(1)(b) |

Plaintiff Colette Wait ("Plaintiff") alleges as follows:

### THE PARTIES

1.

Plaintiff is an individual residing in Mulino, Oregon.

2.

ServPlus, LLC ("ServPlus") was and is a duly organized limited liability company existing under the laws of the state of Oregon and doing business in Clackamas County, Oregon. ServPlus is an employer under ORS 659A.001(4).

///

///

PAGE 1 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 1 of 10

## FACTUAL ALLEGATIONS COMMON TO MULTIPLE CLAIMS
## FACTS

3.

Plaintiff began working at ServPlus as an Office Assistant in August, 2014.

4.

Plaintiff suffers from Bi-Polar disorder and an accompanying anxiety disorder.

5.

When Plaintiff began working for ServPlus her direct supervisor was Molly Wassom, the office manager.

6.

Plaintiff disclosed her medical disorders to Ms. Wassom shorty after being hired.

7.

When Plaintiff disclosed her medical disorders to Ms. Wassom, Ms. Wassom accused her of using her diagnosis as an excuse for being lazy and not caring about her work.

8.

ServPlus is owned by Michael and Patricia Hidalgo, a married couple.

9.

Plaintiff never received an employee handbook, policies or any written material regarding the terms and conditions of her employment.

10.

Around October or November, 2014, Micahel Hidalgo fired Ms. Wassom from her position and came into the office to take over for her.

11.

Mr. Hidalgo was verbally and, at times physically, threatening and abusive.

12.

Mr. Hidalgo would stand over Plaintiff's desk and yell at her, call her derogatory and vulgar names, and tell her that she was useless and stupid.

13.

Mr. Hidalgo's behavior became so severe that Plaintiff quit her job.

PAGE 2 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 2 of 10

14.

The same day Plaintiff quit her job, Mrs. Hidalgo called her and offered her the job back at a $2 an hour raise and promised that the abusive behavior would stop.

15.

However, the abusive behavior did not stop until around the end of 2014 when Mr. Hidalgo returned to California and Ms. Wassom resumed her position as office manager.

16.

The abusive behavior did not end with Mr. Hidalgo's departure. Ms. Wassom began a campaign of harassment against Plaintiff when she returned.

17.

Ms. Wassom would read emails between Plaintiff and her physicians without permission.

18.

Ms. Wassom would then use that information to harass and abuse Plaintiff including telling her that her doctors "hate you".

19.

Ms. Wassom would also say things regarding Plaintiff's medical condition in front of other employees, vendors, and insurance adjustors, including telling them Plaintiff "forgot to take her pills today" or "maybe you just need to pop a pill".

20.

Finally, the abuse got so bad that on April 28, 2015, Plaintiff told Ms. Wassom that she was calling the Equal Opportunity Employment Commission ("EEOC") to file a complaint.

21.

On April 28, 2015, Plaintiff did, in fact, call the EEOC to file a complaint.

22.

After calling the EEOC and filing a complaint, the stress and abuse became too much and Plaintiff went into an episode.

23.

As she had been instructed to do, between April 29 and May 1, 2015, Plaintiff notified Ms. Wassom each day that she was home sick and unable to work.

PAGE 3 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 3 of 10

24.

On Monday morning, May 4, 2015, Plaintiff returned to work and Ms. Wassom immediately wrote her up for "excessive absences".

25.

Later that same day, May 4, Ms. Wassom called Plaintiff into the conference room to tell her that she had called the company's attorney because of Plaintiff's threat to file a complaint and that she had to get some information about Plaintiff's condition.

26.

Ms. Wassom proceeded to ask Plaintiff invasive medical questions about her medical disorders, medications, and what "reasonable accommodations" she believed she was entitled to.

27.

Ms. Wassom did all this with the conference room door open and other employees within earshot and listening to the entire meeting.

28.

Ms. Wassom then told Plaintiff to leave work early and cursed at her.

29.

On May 5, 2014, when Plaintiff arrived at work she was told that all her job duties had been split between Ms. Wassom and another employee and she was to spend the day cleaning the office. Plaintiff asked if she was terminated, and Ms. Wassom said no. Plaintiff was then sent home early, again.

30.

On the evening of May 5, Ms. Wassom texted Plaintiff and told her she didn't need to come into the office the next day. Plaintiff again asked if she was terminated and Ms. Wassom said no.

31.

Each evening between May 5 and May 10, Ms. Wassom would text Plaintiff to tell her not to come into work the next day and when Plaintiff would ask, Ms. Wassom would say she wasn't fired.

32.

Plaintiff is only paid for the hours she actually works.

PAGE 4 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 4 of 10

33.

On May 11, 2014, Ms. Wassom information Plaintiff that she was being terminated and that she should pick up her final paycheck the next day.

34.

Since the termination, Plaintiff has been unable to find a suitable job to replace the income that she was making.

35.

Plaintiff is a single mother and has been receiving government benefits to feed herself and her child.

36.

Plaintiff hereby reserves the right to amend this complaint pursuant to ORS 31.725.

## FIRST CLAIM FOR RELIEF

### (Retaliation – ORS 659A.112)

37.

Plaintiff incorporates and realleges paragraphs 1 through 36 by reference as though set forth fully herein.

38.

Plaintiff engaged in a protected activity, namely filing a complaint with the EEOC.

39.

The retaliation effected the terms, conditions and/or privileges of Plaintiff's employment.

40.

Defendant retaliated against Plaintiff by taking an adverse employment action against her, namely refusing to provide her hours to work and terminating her employment.

41.

No legitimate non-retaliatory reason exists to justify the retaliatory conduct toward the Plaintiff. The reasons proffered by Defendant for the termination are a pretext and not the true reason.

///

///

PAGE 5 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 5 of 10

42.

In the alternative, even if a legitimate non-retaliatory reason did exist, Defendant would not have made the same decision or taken the same actions but for the fact that Plaintiff had engaged in the protected activity.

43.

At all material times, Plaintiff's supervisors acted with either actual or apparent authority from Defendant.

44.

As a direct and proximate cause of the defendant's actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of this complaint, is approximately $38,400 and her economic damages continue to accrue at an annual rate of $24,960.

45.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial but not exceeding $100,000

46.

Plaintiff secured an attorney to protect her statutory rights. Pursuant to ORS 659A.885, Plaintiff is entitled to her reasonable attorneys fees.

47.

Plaintiff is entitled to pre- and post- judgment interest pursuant to ORS 82.010, prevailing party fees pursuant to ORS 20.190, and costs and disbursements, pursuant to ORCP 68.

**SECOND CLAIM FOR RELIEF**

**(Hostile Work Environment based on Disability and Gender – ORS 659A.030 and 659A.112)**

48.

Plaintiff incorporates and realleges paragraphs 1 through 47 by reference as though set forth fully herein.

PAGE 6 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 6 of 10

49.

Defendant subjected Plaintiff to a hostile work environment through its continued misconduct in its treatment of Plaintiff based on her disability and gender. Defendant engaged in a pattern and practice of bullying, belittling, harassment, physical intimidation, and disclosing confidential health information. The conduct against Plaintiff was pervasive, harmful to reputation and future job prospects, severe, offensive, and outrageous.

50.

The Defendant's actions had the purpose and effect of creating an intimidating, hostile, and offensive working environment, and had the effect and purpose of unreasonably interfering with Plaintiff's work.

51.

Throughout Ms. Wassom and Mr. Hidalgo's harassment and predatory behaviors, Defendant failed to properly investigate or take appropriate action to prevent harm to Plaintiff and instead aided, abetted, and incited the harassment.

52.

As a direct and proximate cause of the defendant's actions, Plaintiff has suffered and continues to suffer economic damages, including loss of earnings, in an amount continuing to accrue to be determined at trial. This amount, at the time of the filing of this complaint, is approximately $38,400 and her economic damages continue to accrue at an annual rate of $24,960.

53.

As a direct and proximate cause of the defendant's intentional actions, Plaintiff has suffered emotional distress, mental pain and anguish, embarrassment, loss of dignity, sleeplessness, humiliation, and loss of enjoyment of life. Plaintiff therefore requests an award of non-economic damages in an amount to be determined at trial but not exceeding $100,000

54.

Plaintiff secured an attorney to protect her statutory rights. Pursuant to ORS 659A.885, Plaintiff is entitled to her reasonable attorneys fees.

PAGE 7 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 7 of 10

55.

Plaintiff is entitled to pre- and post- judgment interest pursuant to ORS 82.010, prevailing party fees pursuant to ORS 20.190, and costs and disbursements, pursuant to ORCP 68.

### THIRD CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

56.

Plaintiff incorporates and realleges paragraphs 1 through 55 by reference as though set forth fully herein.

57.

The Defendant's actions were committed deliberately and intentionally in order to cause Plaintiff severe emotional distress or were undertaken in reckless disregard that Plaintiff would suffer emotional distress.

58.

Defendant knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from their conduct.

59.

The Defendant intended such a result, and their conduct did, in fact, cause Plaintiff severe emotional distress. Such severe emotional distress is permanent and progressive and as such Plaintiff requests damages in an amount to be determined at trial, but not to exceed $50,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Economic damages against the defendant in the amount of $76,800.00,
2. Non-economic damages against the defendant in the amount of $250,000.00,
3. Attorney fees and costs as allowed by law, as well as prejudgment and post-judgment interest, and
4. Any other relief the Court deems just and equitable.

PAGE 8 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 8 of 10

Dated this 23rd day of December, 2016.

_____
Rebecca Cambreleng, OSB No. 133209
Rebecca@cambrelenglaw.com
CAMBRELENG LAW LLC
806 SW Broadway, Suite 1200
Portland, OR 97205
(503) 308-1481

**Attorney for Plaintiff Colette Wait**

PAGE 9 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2016, I served the foregoing Complaint on the following individual(s):

ServPlus, LLC
c/o C. Jeffrey Abbott
4891 Willamette Falls Drive, Suite 1
West Linn, Oregon 97068
**Defendant**

by:

☒ Mailing a true copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said individual(s) at their last known address as listed above and deposited in the post office at Portland, Oregon on said day.

☐ Electronically mailing a copy to said individual(s) at their last known electronic address as listed above.

☐ Delivering true copy/copies thereof, certified by me as such, to said individual, in person.

DATED this 23rd day of December, 2016.

Rebecca Cambreleng, OSB #133209
**Attorney for Plaintiff**

PAGE 10 - COMPLAINT

Cambreleng Law LLC
806 SW Broadway, Suite 1200
Portland, Oregon 97205
(503) 308-1481

Exhibit 1 - Page 10 of 10